# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

May 05, 2021

Mr. David Crews
Northern District of Mississippi, Greenville
United States District Court
911 Jackson Avenue
Oxford, MS 38655

          No. 21-60156    In re: Courtney Logan
                          USDC No. 4:20-CV-144

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: _____
                    Whitney M. Jett, Deputy Clerk
                    504-310-7772

cc w/encl:
     Mr. Courtney R. Logan

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2021

Lyle W. Cayce
Clerk

No. 21-60156

In re: Courtney R. Logan,

*Movant.*

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

Before Costa, Duncan, and Oldham, *Circuit Judges.*

Per Curiam

    Courtney R. Logan, Tennessee prisoner # 478039, moves for authorization to file a successive 28 U.S.C. § 2254 application in the district court. He seeks to challenge his Mississippi state court convictions and life sentences for five counts of kidnaping, one count of aiding escape, and one count of being a felon in possession of a firearm. Logan argues that he was illegally extradited from Tennessee to Mississippi in violation of the constitution, federal and state law, and an executive agreement and that he was denied the right to challenge his extradition by writ of habeas corpus. Logan further contends that he was denied the effective assistance of trial counsel because his attorney refused to investigate or challenge his extradition, failed to assert or preserve his right to a speedy trial, and failed to seek suppression of statements he made during a post-arrest interview. Logan asserts that he is challenging his convictions and sentences for the first

time. He notes that he filed his first § 2254 application to challenge his extradition and that he did not raise his ineffective assistance claims in that proceeding because they were not yet ripe for review. Additionally, Logan complains that the district court violated his due process rights by denying his first § 2254 application even though he had not exhausted all of his claims.

Logan's claim that the district court procedurally erred in denying his first § 2254 proceeding does not challenge his state convictions and sentences, is not cognizable in a § 2254 proceeding, and thus does not warrant authorization. *See* § 2254(a); *In re Gentras*, 666 F.3d 910, 911 (5th Cir. 2012).

To the extent Logan's arguments suggest his remaining claims are not successive within the meaning of 28 U.S.C. § 2244(b), they lack merit. Logan's claims regarding his extradition and alleging ineffective assistance of counsel are successive because they relate to events that occurred prior to the filing of his first § 2254 application and were or could have been raised in that proceeding. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). We will not consider Logan's challenges to his extradition to the extent they repeat those he raised in his first § 2254 application. *See* § 2244(b)(1); *In re Gentras*, 666 F.3d at 911.

This court may authorize the filing of a successive § 2254 application with regard to Logan's remaining claims if he makes a prima facie showing that his claims rely upon either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) a new factual predicate that "could not have been discovered previously through the exercise of due diligence [that] . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty

No. 21-60156

of the underlying offense." § 2244(b)(2)(A), (B). Logan has not made that showing.

Accordingly, IT IS ORDERED that Logan's motion for authorization to file a successive § 2254 application is DENIED. *See* § 2244(b)(3)(C). This court previously warned Logan that submitting frivolous or repetitive filings challenging his extradition could subject him to sanctions. *In re Logan*, No. 15-60658, 1-2 (5th Cir. Nov. 20, 2015) (unpublished). Logan is again **WARNED** that any future frivolous, repetitive, or otherwise abusive filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

MOTION DENIED; SANCTION WARNING ISSUED.



**A True Copy**
**Certified order issued May 05, 2021**

*Tyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**